## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENZEL ARTHUR** | **:** | |
| **THOMAS WILLIAMS,** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 2:25-cv-06299-JDW** |
| | **:** | |
| **OFFICER ROBERT RAWLEY,** *et al.*, | **:** | |
| **Defendants.** | **:** | |

### MEMORANDUM

Denzel Arthur Thomas Williams asserts claims for violations of his Constitutional rights based on the seizure of his car after a traffic stop. I will grant Mr. Williams leave to file an amended complaint (which he could have done as of right anyway) and grant him leave to proceed *in forma pauperis*. I will dismiss his Amended Complaint but give him leave to file a second amended complaint to re-plead some of the claims he asserts. Other claims, I will dismiss without a chance to amend because there is no way that Mr. Williams could amend those claims to make them plausible.

## I.    FACTUAL ALLEGATIONS

On October 1, 2025, Officer Robert Rawley and the Avondale Police Department seized Mr. Williams's vehicle without a warrant or probable cause. His five-year-old child was present during the seizure. Blittersdorf's Towing & Recovery retained the vehicle and his property and refused to return it despite repeated requests. The Pennsylvania State Police did not intervene or provide proper oversight. After Mr. Williams paid the towing

and recovery fees to retrieve his vehicle, his Defendants retained his license plates, which prevents him from using the vehicle.

Mr. Williams contends that he was subjected to an unlawful seizure in violation of the Fourth Amendment, retaliation and intimidation in violation of the First Amendment,[1] and due process violations under the Fourteenth Amendment for the deprivation of his property. He claims to have suffered a loss of property, as well as emotional distress and endangerment to his child.[2]

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to

---

[1] Mr. Williams presents no factual allegations in support of his assertion that his First Amendment rights were violated. Passing references to legal provisions are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court." (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))). Accordingly, any claim based on a violation of the First Amendment will be dismissed.

[2] Mr. Williams makes clear in the Amended Complaint that he does not seek to bring claims on behalf of his minor child and includes facts regarding his child to show the context and severity of the incident. (*See* ECF No. 7-1 at 2.)

dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Williams has completed the required forms and attests under penalty of perjury that he lacks the income or assets to pay the required filing fees. I will therefore grant him leave to proceed *in forma pauperis*.

### B.    Plausibility Of Claims

Mr. Williams asserts constitutional claims pursuant to § 1983, the vehicle by which such claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Even liberally

construing Mr. Williams's allegations as this Court must, he has not alleged a plausible basis for a claim against any of the named Defendants.

### 1. Claims against government entities

Mr. Williams's claims against various government entities fail for several reasons. *First*, the Eleventh Amendment bars his claims against the Pennsylvania State Police because the State Police is an agency of the State. *See Gillespie v. Pa State Police*, 574 F. Supp. 3d 272, 284 (E.D. Pa. 2021). Also, a State (including its agencies) is not a "person" under Section 1983.

*Second*, Mr. Williams's claims against the City of Avondale fail because he has not alleged any facts to establish the City's liability. A municipality is not vicariously liable under § 1983 for the actions of its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). Rather, to plead a § 1983 claim against a municipality such as Avondale, a plaintiff must allege that the municipality or contractor's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must ... specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). Mr. Williams has not falls short of that standard. He just claims in a conclusory fashion that Avondale is liable under *Monell* for policies, customs, or practices leading to the violation of his rights. That's not enough. If he asserts a claim against Avondale in an amended pleading, he must be more specific about what the custom or policy was and how it led to his injury.

*Third*, Mr. Williams's claims against the Avondale Police Department fail because a police department is not a separate entity subject to suit. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *See id.*

### 2.    Fourth Amendment

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Generally, for a seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based on probable cause." *United States v. Lewis*, 672 F.3d 232, 237 (3d Cir. 2012) (quote omitted). It is well-settled that the temporary detention of an individual during a traffic stop is a "seizure" of "persons" under the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). However, police may initiate traffic stops based on a reasonable suspicion that a traffic violation has occurred. *United States v. Green*, 897 F.3d 173, 178 (3d Cir. 2018). When police have directly witnessed a traffic violation, a traffic stop is a reasonable seizure under the Fourth Amendment. *See United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997). An officer's subjective reason for making a traffic stop plays no role in the reasonable suspicion analysis. *See Whren*, 517 U.S. at 812-13; *United States v. Yusuf*, 993 F.3d 167, 183 n.13 (3d Cir. 2021).

Although Mr. Williams does not describe the circumstances of the traffic stop in the Amended Complaint, the publicly available Pennsylvania state court docketing system reveals that Officer Rawley charged Mr. Williams with seven traffic violations.[3] These violations remain pending.

Mr. Williams doesn't allege any facts regarding the traffic stop, much less plausibly allege that Officer Rawley lacked reasonable suspicion to believe a violation had occurred. He therefore has not pled a plausible Fourth Amendment claim based on the initial stop. "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). I will therefore dismiss any Fourth Amendment claim against Officer Rawley.

---

[3] *See Commonwealth v. Williams*, MJ-15304-TR-0004744-2025 (Chester) (speed violation in school zone); *Commonwealth v. Williams*, MJ-15304-TR-0004745-2025 (Chester) (driving while operating privilege is suspended or revoked, 75 Pa. Cons. Stat. § 1543); *Commonwealth v. Williams*, MJ-15304-TR-0004746-2025 (Chester) (driving an unregistered vehicle); *Commonwealth v. Williams*, MJ-15304-TR-0004747-2025 (Chester) (unauthorized use of registration card or plate); *Commonwealth v. Williams*, MJ-15304-TR-0004748-2025 (Chester) (operating a motor vehicle without required financial responsibility); *Commonwealth v. Williams*, MJ-15304-TR-0004749-2025 (Chester) (failing to have a proper restraint system for a passenger under the age of 18); *Commonwealth v. Williams*, MJ-15304-TR-0004750-2025 (Chester) (failing to have a proper restraint system for a passenger under the age of 18).

In addition, Pennsylvania law provides that when a law enforcement officer verifies that a person is operating a motor vehicle that does not have a valid registration or its registration has been suspended, "the law enforcement officer shall immobilize the motor vehicle or combination or, in the interest of public safety, direct that the vehicle be towed and stored by the appropriate towing and storage agent . . . ." 75 Pa. Cons. Stat. Ann. § 6309.2(a)(2). If Officer Rawley had reason to believe that Mr. Williams was operating a vehicle with an invalid or expired registration, it was permissible for him to order the car to be towed. *See Perry v. Faddis,* No. 22-4012, 2023 WL 144432, at *5 n.11 (E.D. Pa. Jan. 10, 2023).

### 3.    Fourteenth Amendment

Under the Fourteenth Amendment, Mr. Williams is entitled to due process of law before the government can deprive him of his "life, liberty, or property." U.S. Const. amend. XIV, § 1, cl. 3. It appears that Mr. Williams asserts his Fourteenth Amendment claim against Blittersdorf's Towing, which he describes as a "[p]rivate towing company responsible for unlawfully retaining Plaintiff's vehicle and personal property." (ECF No. 7-1 at 2.) However, an individual may not assert a claim under § 1983 for even an intentional deprivation of the individual's property by a government employee "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Pennsylvania Rule of Criminal Procedure 588(A) provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the Court Of Common Pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor." Pa. R. Crim. P. 588(A). Courts in the Third Circuit have held that Rule 588(A) provides an adequate post-deprivation remedy for claims related to the seizure of property. *See, e.g., McKenna v. Portman*, 538 F. App'x 221, 224-25 (3d Cir. 2013).

Mr. Williams does not indicate in the Amended Complaint that he filed a motion for return of his property in state court. Nor does he challenge the adequacy of Pennsylvania's procedure for the return of property. Mr. Williams has therefore failed to plead a plausible claim for relief pursuant to the Fourteenth Amendment's Due Process Clause. I will therefore dismiss this claim. *See Scott v. Tonkin*, No. 20-2067, 2020 WL 6940828, at *4 (M.D. Pa. Nov. 25, 2020). To the extent Mr. Williams seeks the return of property that was seized, he must timely do so in state court. *See Commonwealth v. Caviness*, 243 A.3d 735, 739 (Pa. Super. Ct. 2020).

## IV.    CONCLUSION

I will grant Mr. Williams leave to proceed *in forma pauperis* and dismiss the Amended Complaint. Any claims based on a violation of the First Amendment (which Mr. Williams mentions but does not support with any facts), as well as claims against the Pennsylvania State Police and Avondale Police Department will be dismissed with

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Additionally, any Fourteenth Amendment due process claim seeking the return of his property will be dismissed without prejudice to Mr. Williams's right to pursue the return of his property in state court if appropriate and he so chooses. I will not grant leave to amend these claims as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

I will dismiss Mr. Williams's Fourth Amendment claims against Officer Rawley and the City of Avondale, and to the extent he seeks to present a Fourth Amendment claim against Blittersdorf's Towing with respect to the seizure of the vehicle, without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. I will give Mr. Williams an opportunity to correct the defects in these claims by filing a second amended complaint. He must support any second amended complaint with factual allegations and must clearly describe how each defendant was personally involved in the alleged violation of his rights.[4]

---

[4] I have an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013)). Because Mr. Williams has not pled any plausible claims, I need not address at this time whether *Younger* abstention necessitates the stay of any claims pending resolution of Mr. Williams's ongoing state criminal proceedings. However, if Mr. Williams files a second amended complaint raising nonconclusory claims, I will consider at that time whether the doctrine is applicable.

An appropriate Order follows.

BY THE COURT:

_/s/ Joshua D. Wolson_

**JOSHUA D. WOLSON, J.**

December 12, 2025