**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENZEL ARTHUR** | : | |
| **THOMAS WILLIAMS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **Case No. 2:25-cv-06299-JDW** |
| | : | |
| **OFFICER ROBERT RAWLEY,** *et al.*, | : | |
|     **Defendants.** | : | |

<u>**MEMORANDUM**</u>

Denzel Arthur Thomas Williams has tried, in a Second Amended Complaint, to assert claims against Officer Robert Rawley and Blittersdorf's Towing for seizing his car after a traffic stop. However, his Second Amended Complaint has no factual detail, just conclusory assertions. That's not enough to state a plausible claim, so I will dismiss his claims. And, because he's already had multiple bites at the apple, I will dismiss his claims with prejudice.

## I.    BACKGROUND

Officer Rawley stopped Mr. Williams on October 1, 2025, in Avondale Borough, while he was lawfully operating his personal vehicle. Blittersdorf's Towing then seized and towed his vehicle without a warrant or (according to him) probable cause. He had to pay towing and recovery fees to regain possession of his vehicle. Despite the payment, Blittersdorf's Towing retained his license plates, which prevents him from lawfully operating his vehicle. Blittersdorf's Towing was operating at the "direction of law

enforcement." (ECF No. 11 at § III.C.) Mr. Williams contends that he was subjected to an unlawful seizure in violation of the Fourth Amendment.

Mr. Williams filed this lawsuit and a motion to proceed *in forma pauperis* on November 4, 2025. On November 25, 2025, I denied the *in forma pauperis* application for lack of sufficient financial information. The Order also noted the numerous deficiencies in Mr. Williams's Complaint and granted him leave to cure those deficiencies. On December 2, 2025, Mr. Williams filed a second motion for leave to proceed *in forma pauperis*. He also filed a motion for leave to file an amended complaint, to which he attached an Amended Complaint. I granted the motion for leave to file an amended complaint and screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Upon screening, I dismissed with prejudice Mr. Williams's First Amendment claims and claims against the Pennsylvania State Police and Avondale Police Department. I dismissed any Fourteenth Amendment due process claim seeking the return of his property without prejudice to Mr. Williams's right to pursue the return of his property in state court if appropriate, and if he chose to do so. But I did not give Mr. Williams leave to amend those claims. I did give Mr. Williams leave to amend his Fourth Amendment claims. I explained that if he filed a second amended complaint, he must support his claims with factual allegations and must describe how each defendant was personally involved in the alleged violation of his rights. He filed a Second Amended Complaint ("SAC") on January 13, 2026.

## II.    STANDARD OF REVIEW

Because I have granted Mr. Williams leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires me to dismiss the SAC if it fails to state a claim. That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Pursuant to that standard, I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

Mr. Williams asserts constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which a plaintiff can pursue such claims against state actors in federal court. "To state

a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation

was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42,

48 (1988). Even liberally construing Mr. Williams's allegations, he has not alleged a

plausible basis for a claim.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures." U.S.

Const. amend. IV. "Generally, for a seizure to be reasonable under the Fourth Amendment,

it must be effectuated with a warrant based on probable cause." *United States v. Lewis*,

672 F.3d 232, 237 (3d Cir. 2012) (quote omitted). The temporary detention of an individual

during a traffic stop is a "seizure" of "persons" under the Fourth Amendment. *Whren v.*

*United States*, 517 U.S. 806, 809-10 (1996). However, traffic stops may be initiated based

on a reasonable suspicion that a traffic violation has occurred. *United States v. Green*, 897

F.3d 173, 178 (3d Cir. 2018) (citing *Navarette v. California*, 572 U.S. 393 (2014)). Where

police have witnessed a traffic violation, a traffic stop is a reasonable seizure under the

Fourth Amendment. *See United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997). An

officer's subjective reason for making a traffic stop plays no role in the reasonable

suspicion analysis. *See Whren*, 517 U.S. at 812-13

Mr. Williams has not alleged facts that allow me to infer that any Defendant acted

improperly. Although Mr. Williams again does not describe the circumstances of the

4

October 1 traffic stop in the SAC, a review of the publicly available Pennsylvania state

court docketing system reveals that Officer Rawley charged Mr. Williams was with seven

traffic on October 1, 2025.[1] These violations remain pending. Notably, Pennsylvania law

provides that when a law enforcement officer verifies that a person is operating a motor

vehicle that does not have a valid registration or its registration has been suspended, "the

law enforcement officer shall immobilize the motor vehicle or combination or, in the

interest of public safety, direct that the vehicle be towed and stored by the appropriate

towing and storage agent …." 75 Pa. Cons. Stat. Ann. § 6309.2(a)(2). Thus, if Officer Rawley

had reason to believe that Mr. Williams was operating a vehicle with an invalid and/or

expired registration, it Officer Rawley could order the the car towed pursuant to

Pennsylvania law. *See Perry v. Faddis,* No. 22-4012, 2023 WL 144432, at *5 n.11 (E.D. Pa.

Jan. 10, 2023).

---

[1] *See Commonwealth v. Williams*, MJ-15304-TR-0004744-2025 (Chester) (speed violation in school zone, 75 Pa. Cons. Stat. § 3365(b)); *Commonwealth v. Williams*, MJ-15304-TR-0004745-2025 (Chester) (driving while operating privilege is suspended or revoked, 75 Pa. Cons. Stat. § 1543); *Commonwealth v. Williams*, MJ-15304-TR-0004746-2025 (Chester) (driving an unregistered vehicle, 72 Pa. Cons. Stat. § 1301(a)); *Commonwealth v. Williams*, MJ-15304-TR-0004747-2025 (Chester) (unauthorized use of registration card or plate, 75 Pa. Cons. Stat. § 1372(3)); *Commonwealth v. Williams*, MJ-15304-TR-0004748-2025 (Chester) (operating a motor vehicle without required financial responsibility, 75 Pa. Cons. Stat. § 1786(f)); *Commonwealth v. Williams*, MJ-15304-TR-0004749-2025 (Chester) (failing to have a proper restraint system for a passenger under the age of 18, 75 Pa. Cons. Stat. § 4581(a)(2)(i)); *Commonwealth v. Williams*, MJ-15304-TR-0004750-2025 (Chester) (failing to have a proper restraint system for a passenger under the age of 18, 75 Pa. Cons. Stat. § 4581(a)(2)(i)). Although these charges do not appear in the SAC, I can consider them as part of the statutory screening process because they are matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

When I gave Mr. Williams leave to file the SAC, I explained that, in the face of these charges, he needed to include some factual allegation about the traffic stop that could support the claim that Officer Rawley lacked reasonable suspicion to believe a violation had occurred. He has not done so. Like his earlier complaints, his SAC contains conclusions but no facts. I will therefore dismiss his Complaint. Because I have given Mr. Williams multiple opportunities to cure the defects in his claims, and he has failed to do so, I conclude that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019). I will therefore dismiss his claims with prejudice.[2]

## IV.    CONCLUSION

Mr. Williams has not stated a claim, so I will dismiss the SAC with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 29, 2026

---

[2] Mr. Williams is not without a remedy, though. As I noted before, Pennsylvania Rule of Criminal Procedure 588(A) provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the court of common pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor." Pa. R. Crim. P. 588(A). To the extent Mr. Williams seeks the return of property that was seized, he must timely do so in state court. *See Commonwealth v. Caviness*, 243 A.3d 735, 739 (Pa. Super. Ct. 2020).